UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK WAYNE FRIEND,<br>　　　　　Petitioner,<br>　　v.<br>RON DAVIS,<br>　　　　　Respondent. | Case No. 15-cv-03514-HSG<br><br>**ORDER GRANTING MOTION TO SEAL AND SETTING FURTHER BRIEFING**<br><br>Re: Dkt. Nos. 34, 47, 51 |

Currently pending before the Court are three motions: Petitioner's motion to seal Exhibit 1, Respondent's motion to dismiss certain claims from the petition for failure to exhaust, and Petitioner's motion to stay the proceedings and return to state court to exhaust the unexhausted claims pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005).

In his motion to dismiss, Respondent agreed that Petitioner's motion to seal Exhibit 1 should be granted. ECF Doc. No. 47 at 2. Having shown good cause therefor, Petitioner's motion to seal is GRANTED.

Regarding the remaining two counter motions, on the same day that Petitioner filed his reply in support of his *Rhines* stay motion, the California Supreme Court issued a decision in *Briggs v. Brown*, S238309, upholding the validity of Proposition 66. *See Briggs*, __ P.3d __, 2017 WL 3624094 (Aug. 24, 2017). Proposition 66 amends Cal. Penal Code section 1509 to add subsection (d), which calls for California state courts to dismiss successive habeas petitions unless a court finds the "defendant is actually innocent of the crime of which he or she was convicted or is ineligible for the sentence." "Ineligible for the sentence" has a particular meaning under the statute and a specific list of enumerated claims that can be brought under that provision. This appears to foreclose exhaustion petitions if an initial habeas corpus petition has been filed and

decided by the state court, except in rare instances.

To assist the Court in making a final decision on the remaining motions, the parties are hereby ORDERED to brief what impact, if any, the California Supreme Court's decision in *Briggs* has on Petitioner's ability to return to state court to exhaust his unexhausted claims. Petitioner's brief is due on or before Tuesday, September 26, 2017. Respondent's answer is due Tuesday, October 10, and the reply is due Tuesday, October 17. The parties shall observe a twenty-five page limit.

**IT IS SO ORDERED.**

Dated: 8/25/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge