UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK WAYNE FRIEND,<br><br>    Petitioner,<br><br>v.<br><br>RON DAVIS,<br><br>    Respondent. | Case No. 15-cv-03514-HSG<br><br>**ORDER DENYING RESPONDENT'S MOTION TO DISMISS AND GRANTING PETITIONER'S MOTION TO STAY**<br><br><u>DEATH PENALTY CASE</u><br><br>Re: Dkt. Nos. 47, 51, 52, 53 |

Respondent Ron Davis filed a motion to dismiss petitioner's petition for writ of habeas corpus on the ground that it contains multiple unexhausted claims for relief. ECF Doc. No. 47. In response, petitioner, a condemned inmate at San Quentin State Prison, moves to stay the current proceedings pursuant to *Rhines v. Weber*, 544 U.S. 269, 278 (2005), so he can return to state court to exhaust the unexhausted claims. ECF Doc. No. 51. Respondent opposes the motion to stay, arguing that petitioner has failed to show good cause for a stay. ECF Doc. No. 52. For the foregoing reasons, the motion to dismiss for failure to exhaust is DENIED and the motion to stay is GRANTED.

**BACKGROUND**

In 1989, petitioner was convicted in Alameda County Superior Court of the first-degree murder of Herbert Pierucci and robbery of the Golden West Bar in downtown Oakland. The jury found true the allegations that petitioner had inflicted great bodily injury in connection with the robbery and that he had personally used a knife in the commission of the crimes. The jury, however, was unable to reach a verdict on the robbery-murder special circumstance allegation.

Petitioner was retried on the special circumstance allegation in 1992. The jury convicted him and sentenced him to death on April 17, 1992.

The California Supreme Court affirmed petitioner's conviction and death sentence. *People v. Friend*, 47 Cal. 4th 1 (2009), rehearing denied on August 26, 2009. Petitioner did not seek certiorari in the United States Supreme Court. Therefore, his conviction became final on November 24, 2009, when the 90-day period within which to file for certiorari expired.

While his direct appeal was still pending, petitioner filed a state habeas petition in the California Supreme Court. The petition was denied on July 29, 2015. ECF Doc. No. 2.

Petitioner filed a request for appointment of federal habeas counsel and stay of execution in this Court on July 30, 2015. This request was granted. ECF Doc. No. 5. His case was referred to the Selection Board for recommendation of counsel. Counsel were appointed on March 28, 2016. Petitioner sought and obtained 242 days equitable tolling for the delayed filing of his petition for writ of habeas corpus and filed a petition on March 27, 2017. ECF Doc. No. 27, ECF Doc. No. 35.

The petition contains 10 unexhausted claims and/or subclaims. Mot. to Stay at 9-12. Respondent moved to dismiss the unexhausted claims. Mot. to Dismiss at 9. Petitioner seeks a stay to return to state court to exhaust these claims. Mot. to Stay at 15. Respondent objects to petitioner's motion to stay on the grounds that petitioner has failed to meet any of the criteria for such a stay. *See generally* Opp. to Stay Motion, ECF Doc. No. 52.

Following the completion of briefing on the pending motions, but prior to the issuance of an order resolving them, the California Supreme Court issued a decision in *Briggs v. Brown*, S238309, upholding the validity of Proposition 66. *See Briggs*, __ P.3d __, 2017 WL 3624094 (Aug. 24, 2017). Proposition 66 amends Cal. Penal Code section 1509 to add subsection (d), which calls for California state courts to dismiss successive habeas petitions unless a court finds the "defendant is actually innocent of the crime of which he or she was convicted or is ineligible

for the sentence." "Ineligible for the sentence" has a particular meaning under the statute and a specific list of enumerated claims that can be brought under that provision. This appears to foreclose second or successive petitions if an initial habeas corpus petition has been filed and decided by the state court, except in rare instances. Thus, the Court requested further briefing on any impact *Briggs* and Proposition 66 might have on petitioner's ability to return to state court and exhaust his claims.

Following that Order, the California Supreme Court extended the date by which it could grant a motion for rehearing to November 22, 2017, thereby extending the effective commencement date of Proposition 66. In their briefs, the parties argued, among other things, that any determination as to the impact of *Briggs*/Proposition 66 at this point would be speculative. Both parties wish to proceed on the merits of their motions. In light of this development, the Court DENIES the pending motion to dismiss and GRANTS the pending motion to stay the proceeding to return to state court to exhaust the unexhausted claims.

## LEGAL STANDARD

The Supreme Court follows a rule of "total exhaustion" requiring that all claims in a habeas petition be exhausted before a federal court may grant the petition. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). A district court is permitted, however, to stay a mixed petition to allow a petitioner to exhaust his claims in state court without running afoul of the one-year statute of limitations period to file for federal habeas review imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Rhines*, 544 U.S. at 273-75. A district court must stay a mixed petition if: 1) the petitioner has good cause for his failure to exhaust his claims, 2) the unexhausted claims are potentially meritorious, and 3) there is no indication that the petitioner intentionally engaged in dilatory tactics. *Id.* at 278.

The Supreme Court has not articulated with precision what constitutes "good cause" for purposes of granting a stay under *Rhines*. In *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005), the

3

Supreme Court stated in dicta that a "petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court" without exhausting state remedies first.

The Ninth Circuit has clarified that "good cause" for failure to exhaust does not require "extraordinary circumstances." *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). Nonetheless, the good cause requirement should be interpreted in light of the Supreme Court's admonition that stays be granted only in "limited circumstances" so as not to undermine AEDPA's twin goals of reducing delays in the execution of criminal sentences and streamlining federal habeas proceedings by increasing a petitioner's incentive to exhaust all claims in state court. *Wooten v. Kirkland*, 5401 F.2d 1019, 1024 (9th Cir. 2008).

**DISCUSSION**

Petitioner alleges that appellate and post-conviction counsel's ineffective assistance constitutes good cause for his failure to exhaust all claims, that his claims are potentially meritorious, and that petitioner has not been dilatory in pursuing the unexhausted claims. Respondent argues that petitioner fails to show good cause for his failure to exhaust, the unexhausted claims lack merit, and petitioner was dilatory in raising them and, thus, does not meet the *Rhines* requirements for a stay. As discussed below, petitioner does meet those requirements.

1. **GOOD CAUSE**

In Claim 3.B, petitioner alleges that trial counsel rendered ineffective assistance by failing to object to the prosecutor's discriminatory use of peremptory strikes to remove racial minorities, women, and Jews from the jury in both petitioner's first trial and the retrial on the special circumstance allegation and the penalty phase. Mot. to Stay at 9; *see also* Pet. at 69-74. As good cause for failure to exhaust these claims, petitioner cites the ineffective assistance of appellate and state habeas counsel. Mot. to Stay at 5.

The Ninth Circuit has held that "[ineffective assistance] by post-conviction counsel can be

4

good cause for a *Rhines* stay." *Blake v. Baker*, 745 F.3d 977, 983 (9th Cir. 2014). The court found that such a conclusion was consistent with and supported by *Martinez v. Ryan*, 132 U.S. 1309, 1315 (2012), which held that ineffective assistance of post-conviction counsel may constitute cause for overcoming procedural default. *Id.*

The "good cause element is the equitable component of the *Rhines* test," and "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [the failure to exhaust.]" *Id.* at 982. The petitioner in *Blake* argued that he failed to exhaust his ineffective assistance of trial counsel claim because state post-conviction counsel failed to discover evidence that he suffered extreme abuse as a child, as well as organic brain damage and psychological disorders. *Id.* He supported his argument with evidence of his abusive upbringing and history of mental illness. In light of this showing, the court of appeals found that the district court abused its discretion in denying a stay and remanded the case. *Id.* at 983-84.

Petitioner supplies sufficient evidence to satisfy *Blake*. Petitioner alleges that in his first trial, the prosecutor used peremptory challenges against one Filipino, four African-American, and two Latino venire members without any objection from trial counsel. Pet. at 62. To assist in verifying the race of venire members, petitioner submitted records from the Department of Motor Vehicles along with potential juror statements contained within the record. *Id.*, Exhibit 1. Petitioner also identifies white jurors who answered voir dire questions more favorably to the defense, but against whom the prosecution did not exercise a challenge. *Id.* at 63.

Similarly, petitioner alleges that at the second trial, the prosecutor exercised nineteen peremptory challenges, of which twelve were against women, at least four against different racial minorities, and two against the only Jews on the venire panel. *Id.* at 64. Again, trial counsel made no objection. Petitioner conducted a comparative juror analysis for this trial as well. *Id.* at 64-65. In addition, he supplied analysis of the prosecutor's use of peremptory strikes against Jewish jurors in other cases in an attempt to show a discriminatory pattern. Pet. at 66, Ex. 2.

In order to prevail on a Sixth Amendment ineffectiveness of counsel claim, petitioner must establish two things. First, he must establish that counsel's performance was deficient, *i.e.*, that it fell below an "objective standard of reasonableness" under prevailing professional norms. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Second, he must establish that he was prejudiced by counsel's deficient performance, *i.e.*, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

The use of peremptory challenges by either the prosecution or defendant to exclude cognizable groups from a petit jury may violate the Equal Protection Clause. *See Georgia v. McCollum*, 505 U.S. 42, 55-56 (1992). The Supreme Court first held that the Equal Protection Clause forbids the challenging of potential jurors solely on account of their race, *see Batson v. Kentucky*, 476 U.S. 79, 89 (1986), and later extended this protection to challenges solely based on gender, *see J.E.B. v. Alabama ex rel. T.B.*, 511 U.S. 127, 130-43 (1994).

Respondent argues that petitioner's failure to provide a declaration from trial counsel and from appellate and state habeas counsel explaining whether the omissions petitioner challenges here were trial tactics proves fatal to petitioner's showing of good cause. Opp. at 3. "Where a petitioner was represented by state post-conviction counsel and must establish, in his federal habeas proceedings, that counsel's ineffectiveness for failure to exhaust, the petitioner must do more than simply make 'a bald assertion' of ineffectiveness." *Dixon v. Baker*, 847 F.3d 714, 721 (9th Cir. 2017), quoting *Blake*, 745 F.3d at 982. As discussed, petitioner has provided more than a "bald assertion" of ineffectiveness. He has provided documentation from another Alameda County capital habeas case that shows the use of peremptory challenges in a potentially discriminatory manner in many capital trials around the same time as petitioner's. Moreover, that information breaks down the use of potentially discriminatory challenges by prosecutor, showing a

6

potential pattern by the prosecutor from petitioner's trial. All of this information was publicly available while petitioner's appeal was still pending and approximately three years prior to the filing of his state habeas petition. As such, the Court finds that petitioner has advanced a reasonable excuse, supported by evidence, to justify his failure to exhaust his claims. *See id.* at 982. Accordingly, petitioner's showing of appellate and post-conviction ineffective assistance satisfies the *Rhines* good cause requirement.

### 2. MERIT OF CLAIMS

Petitioner argues that all of his unexhausted claims are potentially meritorious and that each meets the requirements for a stay under *Rhines*. Mot. to Stay at 8. Under the second prong of the *Rhines* test, a district court would abuse its discretion if it were to grant a petitioner a stay when his claims are plainly "meritless." *Rhines*, 544 U.S. at 277. Here, petitioner has articulated cognizable constitutional claims supported by relevant legal authority, and has presented such evidence and offers of proof as are presently available to him. Based on a review of the record, petitioner's unexhausted claims are not plainly meritless.

### 3. ABSENCE OF DILATORY TACTICS

Under the third prong of the *Rhines* test, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if . . . there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. Petitioner has been following this Court's Habeas Local Rules in litigating his petition, and was unable to bring these claims sooner because they were not developed prior to federal habeas counsel's investigation. There is no evidence that petitioner has engaged in dilatory litigation tactics to date. Petitioner satisfies the third prong of *Rhines*.

//
//
//

## CONCLUSION

For the above-mentioned reasons, the Court finds as follows:

1) Respondent's motion to dismiss is DENIED;

2) Petitioner's motion for a stay is GRANTED;

3) Counsel for petitioner shall file an exhaustion petition raising Claim 2; Subclaims A, B, H, K, and L of Claim 3; Claim 4; Claim 11; Claim 20, and Claim 21 in state court within 90 days of the date of this Order;

4) To the extent that any claim contains allegations or supporting documentation that were not part of the state court record, pursuant to *Cullen v. Pinholster*, 131 U.S. 1388, 1400 (2011), such materials must be presented to the California Supreme Court before they may be reviewed by this Court under 28 U.S.C § 2254(d)(1). Accordingly, they should be included in the exhaustion petition;

5) One hundred and twenty days after the entry of this order, and every 90 days thereafter until proceedings in his state exhaustion case are completed, petitioner shall serve and file in this court a brief report updating the court and the parties on the status of his pending state habeas action. No later than 30 days after proceedings in his state case are completed, petitioner shall serve and file notice that proceedings are completed.

**IT IS SO ORDERED.**

Dated: December 1, 2017

HAYWOOD S. GILLIAM, JR.
United States District Judge