| | |
|---|---|
| Jon M. Sands | ROB BONTA |
| Federal Public Defender | Attorney General of California |
| District of Arizona | SARAH FARHAT |
| Lindsey Layer (VA Bar No. 79151) | Supervising Deputy Attorney General |
| Stanley Molever (CA Bar No. 298218) | GREGG E. ZYWICKE |
| Assistant Federal Public Defenders | Deputy Attorney General |
| 250 North 7th Avenue, Suite 600 | State Bar No. 173163 |
| Phoenix, Arizona 85007 | 455 Golden Gate Avenue, Suite 11000 |
| Lindsey_Layer@fd.org | San Francisco, CA 94102-7004 |
| Stanley_Molever@fd.org | Telephone: (415) 703-5961 |
| (602) 390-3125 Telephone | Fax: (415) 703-1234 |
| (602) 889-3960 Facsimile | Email: Gregg.Zywicke@doj.ca.gov |

*Attorneys for Petitioner*       *Attorneys for Respondent*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jack Wayne Friend,<br><br>    Petitioner,<br><br>vs.<br><br>Sircoya M. Williams, Acting Warden, California Medical Facility,<br><br>    Respondent. | No. 4:15-cv-03514-HSG<br><br>Death Penalty Case<br><br>Joint Case Management Statement |

### Petitioner's Statement

Pending before the Court is Jack Friend's amended petition for a writ of habeas corpus. (ECF No. 35.) Following exhaustion proceedings, Respondent answered Mr. Friend's petition (ECF Nos. 100, 100-1), and Mr. Friend filed a traverse (ECF No. 108). The Court permitted Mr. Friend to present argument for evidentiary development by July 31, 2024. (ECF No. 114.) Before Mr. Friend filed his request for evidentiary development, however, the Court referred this case to Judge Vince Chhabria for settlement negotiations. (ECF No. 115.)

The referral arose from the Alameda County District Attorney's Office's review

and release of documents related to its history of discriminatory jury selection. Following that disclosure, and pursuant to a settlement agreement reached in conjunction with proceedings before Judge Chhabria, in October 2024 the People of the State of California filed a request in the Alameda County Superior Court that Mr. Friend's death sentence be recalled pursuant to California's second-look sentencing statute, Penal Code section 1172.1, and that he be resentenced to a determinate term of 21 years, with Mr. Friend waiving time-served credits as necessary to effectuate his release ten months from the date the People filed their request, followed by two years of parole. (ECF No. 125-2; *see also* ECF No. 125-1 (stipulated settlement agreement).)

In their request, the People characterized Mr. Friend's discriminatory-jury-selection claim under *Batson v. Kentucky*, 476 U.S. 79 (1986), as "strong, if not decisive." (ECF No. 125-2 at 20.) The People "concede[d] that the prosecutor's actions during jury selection at both trials"—Mr. Friend was retried as to penalty after the first jury could not reach a verdict on the single special circumstance the People alleged—"raise substantial concerns that ethnicity was a factor in the use of peremptory strikes." (ECF No. 125-2 at 13.) And the People identified other factors reflecting that justice no longer required Mr. Friend's incarceration. (ECF No. 125-2 at 21–23.)

In December 2024, the Honorable Thomas E. Stevens, Judge of the Alameda County Superior Court, held a hearing on the People's request. (ECF No. 125-4.) Judge Stevens found that recall and resentencing was appropriate (ECF No. 125-4 at 35–36), but he put over a resentencing until June 2025 to provide counsel an opportunity to present additional information, primarily a neuropsychological report documenting Mr. Friend's recently diagnosed dementia and a proposed reentry plan to promote a safe transition into the community (ECF No. 125-4 at 38–39). The resentencing hearing was subsequently continued to August 2025.

Before the August hearing, however, the newly appointed Alameda County District Attorney rescinded her office's prior sentencing recommendation. (ECF No. 127-1,

Attach. 5.) The District Attorney did not retract the People's admission that *Batson* violations likely infected both of Mr. Friend's trials—indeed, the District Attorney's rescission did not mention *Batson* or Mr. Friend's jury selection. But it nonetheless revised its recommendation, requesting that Judge Stevens resentence Mr. Friend "to an indeterminate term equivalent to 36 years to life" or, alternatively, "run the determinate terms for the robbery and the enhancements concurrent to a new sentence of 25 years to life." (ECF No. 127-1, Attach. 5 at 5.) Under either recommendation, Mr. Friend's death sentence would be replaced with an indeterminate life sentence permitting him to pursue release from the clemency board, given that he has already served more than 40 years.

Then, shortly before the August hearing, the California Court of Appeal decided *People v. Dixon*, 112 Cal. App. 5th 236 (2025), which Judge Stevens concluded prevented him from vacating a death sentence in an 1172.1 proceeding. The Court tentatively denied the People's petition for resentencing but stayed entry of judgment because a request to review *Dixon* was pending in the California Supreme Court. In October, the California Supreme Court agreed to review *Dixon*, and shortly thereafter Judge Stevens further stayed Mr. Friend's resentencing proceeding to await a final decision by the California Supreme Court in that case.

Around the same time, settlement negotiations before Judge Chhabria concluded without resolution. Consequently, this Court ordered the parties to appear on January 13, 2026, for a case management conference and, by January 6, to submit a joint case management statement and propose a schedule for further proceedings.

Particularly because the Alameda County District Attorney's Office has disclosed thousands of documents relating to its past discriminatory jury selection practices, which bear on several of Mr. Friend's claims, Mr. Friend intends to request leave to amend his petition. But permitting Mr. Friend to seek evidentiary development first will conserve resources, reducing the likelihood that he would have to request leave to amend his pending petition twice—once now and a second time after any evidentiary development.

Thus, Mr. Friend proposes that he be given until May 1, 2026, to request evidentiary development of his claims, that Respondent be given until August 1, 2026, to respond, and that Mr. Friend be given until September 1, 2026, to reply. Once evidentiary development is completed, Mr. Friend would then request a date by which to file an amended habeas petition.

<u>Respondent's Statement</u>

Petitioner Jack Wayne Friend filed a finalized federal habeas petition with this Court on March 27, 2017. Doc. 35. Respondent moved to dismiss the petition on exhaustion grounds, Doc. 47, which this Court denied in favor of staying the proceedings to allow petitioner to return to state court to fully exhaust his claims. Doc. 59. Petitioner did so, and returned to this Court in June 2022. Respondent answered the finalized petition on May 19, 2023, Docs. 100, 101, and petitioner filed a Traverse on November 14, 2023, Doc. 108. In April 2024, this case was referred to District Court Judge Vince Chhabria for settlement. Doc. 115. Settlement discussions between petitioner and respondent concluded in November 2025 without resolution of the case, and the matter was returned to this Court for further litigation. Doc. 134.

The finalized petition is fully briefed. It is respondent's position that 28 U.S.C. § 2254(d) precludes relief on all of the petition's claims, and that *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011) limits this Court's review of those claims to the record that was before the state court that last adjudicated the claims. Accordingly, respondent believes the petition is ripe for decision.

In response to petitioner's proposed course of litigation, conducting discovery or holding an evidentiary hearing prior to a finding that § 2254(d) has been satisfied is not permitted, *see Pinholster*, 131 S. Ct. 1388; *Bemore v. Chappell*, 788 F.3d 1151, 1176-77 (9th Cir. 2015), particularly relative to new claims petitioner seeks to add to the petition. *Calderon v. District Court (Nicolaus)*, 98 F.3d 1102, 1106 (9th Cir. 1996) [pre-petition discovery is impermissible]. If petitioner desires to amend his petition with new legal

claims or new factual material, he must obtain leave to do so.  Fed. R. Civ. P. 15(a). Respondent would ask to be heard on both matters before a ruling is made.

| Dated: January 6, 2026 | Respectfully submitted, |
|---|---|
| Jon M. Sands<br>Federal Public Defender | ROB BONTA<br>Attorney General of California<br>SARAH FARHAT<br>Supervising Deputy Attorney General |
| By s/Lindsey Layer<br>Lindsey Layer<br>Stanley Molever<br>Assistant Federal Public Defenders | By s/Gregg Zywicke<br>GREGG E. ZYWICKE<br>Deputy Attorney General |
| *Attorneys for Petitioner*<br>Counsel for Petitioner | *Attorneys for Respondent*<br>Counsel for Respondent |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of January 2026, I electronically transmitted the foregoing Joint Case Management Statement to the Clerk's office using the CM/ECF System for filing. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

<u>By s/Oscar Lopez</u>
Assistant Paralegal
Capital Habeas Unit